# EXHIBIT A

Stephanie Berman Schneider, Esq. - SBN 168519
Howard Smith, Esq. - SBN 166571
BERMAN BERMAN BERMAN
SCHNEIDER & LOWARY, LLP
11900 West Olympic Boulevard, Suite 600
Los Angeles, California 90064-1151
Telephone: (310) 447-9000
Facsimile: (310) 447-9011

Attorneys for Plaintiffs,
MICHAEL FALK and MOTION REPOSSESSORS, INC.

**FILED**
Superior Court Of California
County Of Los Angeles

MAR 23 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Charlie L. Coleman

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MICHAEL FALK, an individual and MOTION REPOSSESSORS, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO: **BC 654971**<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. General Negligence;<br>2. Breach of Contract;<br>3. Intentional Misrepresentation;<br>4. Negligent Misrepresentation; and<br>5. Unfair Business Practices under <u>Business and Professions Code Section 17200, et. seq.</u>,<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs MICHAEL FALK and MOTION REPOSSESSORS, INC allege as follows:

### PARTIES

1. Plaintiff MICHAEL FALK ("Falk") is, and at all times relevant to this Complaint was an individual residing in the State of California, County of Los Angeles.

2. Plaintiff MOTION REPOSSESSORS, INC. ("Motion") is a California Corporation in the business of vehicle repossession, with its principal place of business in Van Nuys, California.

3. Defendant WELLS FARGO BANK, N.A. ("Wells Fargo") is a national financial institution licensed in California to provide financial services to businesses and private individuals which includes business real estate financing.

4. The true names and capacities of the Defendants who are named in this Complaint as DOES 1 through 50 inclusive are currently unknown to Plaintiffs, who therefore are suing said Defendants by such fictitious names at this time. Plaintiffs will amend this Complaint at the appropriate time and in the appropriate manner if and when said true identities of said fictitiously named Defendants are discovered.

5. Plaintiffs are informed and believe, and based thereon allege, that each fictitiously named Defendant is in some way as yet unknown to Plaintiffs legally responsible for the damages hereinafter pleaded. Plaintiffs will pray leave of the court to amend this to show such matter when the same has been ascertained.

6. Plaintiffs are informed and believe and thereon allege, that each Defendant and each of the Defendants named as "DOES" in this Complaint were, at all relevant times, the authorized agents and representatives of the another, and were acting within the course and scope of such agency and representation.

## FACTUAL ALLEGATIONS

7. On August 31, 2016, Falk purchased the commercial property located at 8209 Sepulveda Blvd., Panorama City, California 91402 ("the property") for use by Motion in the repossession business. In order to close the purchase on an expedited basis, Falk obtained a short term loan for the property. The property consisted of a single office and yard which Falk later used to store vehicles from Motion's repossession business.

8. Falk had been a long-time customer with Wells Fargo for both his business and personal matters involving transactions totaling over $3,000,000 each calendar year and wished to refinance the short term loan on the property through Wells Fargo. On September 15, 2016, Falk submitted an application to Wells Fargo to open a Business Real Estate Financing account to refinance the short term loan on the property. On October 26, 2016, Wells Fargo approved the application, representing to Falk that when an appraisal of the property was obtained through Los Angeles appraiser Thomas B. Cook ("Cook") and his company Commercial Appraisal Company ("Commercial"), the Business Real Estate Financing account would be provided. Cook was thereafter hired to conduct the appraisal with Falk required to pay Cook's fee to conduct the appraisal.

9.   On October 31, 2016, Cook came out to the property, which included a single office with vehicles stored in the yard. Cook viewed and inspected the property, which revealed a single office, with no current construction. During the inspection, Cook interviewed Falk, with Falk at no time advising Cook of the existence of any ongoing construction or that construction was even contemplated for the property.

10.   On November 8, 2016, Cook issued his appraisal report ("the report") for the property. The report correctly identified the property as containing only a single tenant office. The report, however, misrepresented the substance of the conversation with Falk by including the following false information: "During the course of my interview with borrower Michael Falk, it was reported his plans for the subject property were to renovate the building for the expansion of his Motion Repossessors, Inc. business," "Mr. Falk said he hoped to reconfigure the interior of the building by removing several walls to create a more efficient 'bull pen' work area," He said his staff will conduct research within the already central air-conditioned building, while the small fenced parking lot provides additional space for parking client vehicles," and "It was also noted Mr. Falk has already installed 8' fencing inside the existing chain-link fencing around the interior perimeter of the yard."

11.   Wells Fargo thereafter misinterpreted the information in the report. On November 14, 2016, based upon the misinterpretation of the report, Wells Fargo refused to honor the prior approval of Falk's application for the Business Real Estate Financing account - refusing to provide the promised financing account falsely concluding: (1) The property was not eligible because it was currently under construction; and (2) The property vacancy rate exceeded acceptable program guidelines.

12.   On December 13, 2016, Cook received a letter from counsel for Falk questioning Wells Fargo's interpretation of his November 8, 2016 report – falsely concluding property was under construction at the time of the October 31, 2016 inspection. In response to the December 13, 2016, letter, on December 14, 2016, Cook affirmatively reached out to Wells Fargo by providing a revised appraisal report, which removed the language misinterpreted by Wells Fargo – that Falk intended to reconfigure the interior of the building. Cook has been unwilling to provide Falk and his counsel with a copy of his December 14, 2016, revised appraisal report.

13.   On February 20, 2017, Wells Fargo sent a letter to Falk responding to his counsel's

F:\DATA\6208.07\PLEAD\COMPLAINT.DOC              3

1  letter of December 13, 2016, addressing Cook's November 8, 2016 appraisal report. Notwithstanding
2  the fact that the language had been removed from the revised December 14, 2016 report, Wells Fargo
3  continued to mispresent that Falk's application had been denied "because you stated your intention to
4  engage in demolition and construction to create a different office configuration, not due to occupancy
5  of the building." This statement was contradicted later in the letter which acknowledged the appraisal
6  report stated: (*) The property is not currently under construction; (*) The vacancy rate does not
7  exceed acceptable guidelines; and (*) The property is 100% owner occupied.

## FIRST CAUSE OF ACTION

### (General Negligence against Wells Fargo Bank, N.A. and DOES 1 through 10)

14. Plaintiffs refer to paragraphs 1 through 13 above, inclusive, and incorporate the same herein by reference, as though fully set forth therein.

15. At all times alleged herein, Defendants Wells Fargo DOES 1 through 10, held themselves out to be experts in business financing and banking services, both to the public in general and Plaintiffs specifically.

16. At all times herein mentioned, Defendants Wells Fargo and DOES 1 through 10 had a duty to use reasonable care, skill and judgment in rendering business financing and banking services and properly interpret the information provided by Cook and Commercial in the reports for the property after having approved the Business Real Estate Financing account, because Plaintiffs would reasonably and foreseeably be harmed by the negligence of Defendants, given Defendants had previously approved the application for the financing account, required Plaintiffs to obtain an appraisal through Cook for the property and required Plaintiffs to pay Cook's fee to generate that appraisal.

17. In rendering business financing and banking services to Plaintiffs, Defendants Wells Fargo DOES 1 through 10 breached their duty to Plaintiffs by failing to be diligent, and by failing to use reasonable care, skill and judgment, which includes but is not limited to failing to properly interpret the information provided by Cook and Commercial in the reports for the property thereby falsely concluding - without any basis that the property was under construction and that the property's only single office maintained any kind of vacancy.

18. As a proximate result of Defendants Wells Fargo DOES 1 through 10's negligence in failing to properly interpret the information provided by Cook in the reports for the property, Plaintiffs have sustained general, special and economic damages - because on November 14, 2016, Wells Fargo refused to provide Falk with the Business Real Estate Financing account – an account Wells Fargo had previously approved on October 26, 2016, based upon contrary false conclusions on November 14, 2016 that (1) The property was not eligible as it currently was under construction; and (2) The property vacancy rate exceeded acceptable program guidelines and then on February 20, 2017, that Falk's application had been denied because of the intention to engage in demolition and construction to create a different office configuration, - in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**(Breach of Contract against**

**Defendants Wells Fargo Bank, N.A. and DOES 1 through 10)**

19. Plaintiffs refers to paragraphs 1 through 17 above, inclusive, and incorporate the same herein by reference, as though fully set forth therein.

20. On or about October 26, 2016, Defendants Wells Fargo DOES 1 through 10 approved Falk's application for the Business Real Estate Financing account for the property, representing to Falk that when an appraisal of the property was obtained through Cook the account would be provided. In reliance upon these representations, on or about October 31, 2016, Falk allowed Cook to come out to the property and did not submit any application to an alternative lender.

21. On November 8, 2016, Cook issued his appraisal report for the property. On November 14, 2016, Wells Fargo breached the October 26, 2016 agreement with Falk refusing to provide the promised Business Real Estate Financing account falsely concluding: (1) The property was not eligible because it was currently under construction; and (2) The property vacancy rate exceeded acceptable program guidelines.

22. On February 20, 2017, Wells Fargo further breached the October 26, 2016 agreement refusing to provide Falk with the promised Business Real Estate Financing account, falsely concluding Falk had expressed an intention to engage in demolition and construction to create a different office configuration.

23. Falk has complied with all of his obligations and conditions of the agreement, but unfortunately in breach of the agreement by refusing to provide the agreed upon Business Real Estate Financing, thereby forcing Falk to obtain business financing for the property for alternative sources.

24. As a proximate result of Wells Fargo's breaches of the agreement, Falk has sustained and will continue to sustain significant economic damages by having to obtain delayed financing for the property at a significantly increased cost from alternative sources.

### THIRD CAUSE OF ACTION

### (Intentional Misrepresentation against

### Defendants Wells Fargo Bank, N.A. and DOES 1 through 10)

25. Plaintiffs refers to paragraphs 1 through 17 and 19 through 23 above, inclusive, and incorporate the same herein by reference, as though fully set forth therein.

26. On or about October 26, 2016, Defendants Wells Fargo and DOES 1 through 10 recklessly represented to Plaintiffs that the application for Business Real Estate Financing account had been approved and the account would go forward when an appraisal of the property was obtained through Cook and Commercial.

27. Those representations by Defendants Wells Fargo and DOES 1 through 10 were in fact false because Defendants did not intend to go forward with the account based solely upon Plaintiffs obtaining an appraisal for the property through Cook and Commercial.

28. When Defendants Wells Fargo and DOES 1 through 10 made these representations, they acted intentionally and/or with reckless disregard for their truth or falsity to induce Plaintiffs to act in reliance on these representations with the expectation that Plaintiffs would act accordingly.

29. Plaintiffs at the time these representations were made by Defendants Wells Fargo and DOES 1 through 10 and the times Plaintiffs took the actions alleged, were ignorant of the falsity of Defendants' representations and believed them to be true, and in reliance upon these representations, Plaintiffs did not submit an application for a Business Real Estate Financing account to an alternative lender. Had Plaintiffs known the actual facts, they would not have refrained from taking such action. Plaintiffs' reliance upon the representations of Defendants was justified because they had been long

1 | time customers of Defendants and Defendants had approved the application for Business Real Estate
2 | Financing account on October 26, 2016.

3 |     30.    As a proximate result of Defendants Wells Fargo and DOES 1 through 10's
4 | misrepresentations, Plaintiffs have sustained general, special and economic damages in an amount to
5 | be proven at trial.

6 |     31.    Defendants Wells Fargo and DOES 1 through 10 acted with reckless, willful or callous
7 | disregard for Plaintiffs' rights and with malice, fraud or oppression toward Plaintiffs, thereby entitling
8 | Plaintiffs to an award of punitive damages in accordance with proof at trial.

## FOURTH CAUSE OF ACTION

**(Negligent Misrepresentation against**

**Defendants Wells Fargo, Bank N.A. and DOES 1 through 10)**

12 |     32.    Plaintiffs refers to paragraphs 1 through 17, 19 through 23 and 25 through 29 above,
13 | inclusive, and incorporate the same herein by reference, as though fully set forth therein.

14 |     33.    On or about October 26, 2016, Defendants Wells Fargo and DOES 1 through 10
15 | negligently represented to Plaintiffs that the application for Business Real Estate Financing account
16 | had been approved and the account would go forward when an appraisal of the property was obtained
17 | through Cook and Commercial. In making this representation, Defendants Wells Fargo and DOES 1
18 | through 10 owed a duty to Plaintiffs to provide complete, accurate and truthful information because
19 | Defendants had previously approved the application for the financing account, required Plaintiffs to
20 | obtain an appraisal through Cook for the property and required Plaintiffs to pay Cook's fee to generate
21 | that appraisal.

22 |     34.    Those representations by Defendants Wells Fargo and DOES 1 through 10 were false
23 | because Defendants would not go forward with the account solely based upon Plaintiffs obtaining an
24 | appraisal for the property through Cook and Commercial.

25 |     35.    While Defendants Wells Fargo and DOES 1 through 10 may have honestly believed
26 | that the representations alleged above were true, they had no reasonable grounds to believe they were
27 | true when they made them.

28 | ///

36. Defendants Wells Fargo and DOES 1 through 10 intended for Plaintiffs to rely on the representations alleged above, and Plaintiffs reasonably relied on them, as Plaintiffs did not submit an application for a Business Real Estate Financing account to an alternative lender.

37. As a proximate result of Defendants Wells Fargo and DOES 1 through 10's misrepresentations, Plaintiffs have sustained general, special and economic damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

**(Unfair Business Practices under Business and Professions Code Section 17200, et. seq., against Defendants Wells Fargo, Bank N.A. and DOES 1 through 10)**

38. Plaintiffs refers to paragraphs 1 through 17, 19 through 23, 25 through 29 and 32 through 36 above, inclusive, and incorporate the same by reference, as though fully set forth therein.

39. Defendants Wells Fargo and DOES 1 through 10 in their dealings with Plaintiffs, were engaging in business acts for the purpose of securing an application for a Business Real Estate Financing account for the property.

40. The ways Defendants accomplished this business act, as set forth in the above paragraphs, was unlawful, fraudulent and/or unfair as Defendants induced Plaintiffs to submit an application for a Business Real Estate Financing account with no intention to ultimately provide the account and thereafter fraudulently fabricated grounds to deny the account purporting to rely upon Cook's November 8, 2016, appraisal report on the grounds that (1) The property was not eligible because it was currently under construction; and (2) The property vacancy rate exceeded acceptable program guidelines – even though those grounds were not included in the November 8, 2016, report.

41. Defendants' actions were the proximate cause and substantial factor in causing harm to Plaintiffs, which included but are not limited to having sustained injury in fact and the loss of money and/or property as a result of the unfair business practices.

42. Defendants Wells Fargo and DOES 1 through 10 acted with reckless, willful or callous disregard for Plaintiffs' rights and with malice, fraud or oppression toward Plaintiffs, thereby entitling Plaintiffs to an award of punitive damages in accordance with proof at trial.

///

## PRAYER FOR RELIEF

Plaintiffs MICHAEL FALK and MOTION REPOSSESSORS, INC. hereby seek the following damages on their Causes of action:

1. For general damages, together with interest at the legal rate;
2. For Special and/or economic damages, together with interest at the legal rate;
3. For punitive damages in an amount to be proven at trial;
4. For Costs of suit incurred herein; and
5. For such other and further relief as the court may deem just and proper.

DATED: March 22, 2017

BERMAN BERMAN BERMAN SCHNEIDER & LOWARY, LLP

By: _____
Stephanie Berman Schneider
Howard Smith
Attorneys for Plaintiffs
MICHAEL FALK and
MOTION REPOSSESSORS, INC.

## DEMAND FOR JURY TRIAL

YOU ARE HEREBY NOTIFIED that Plaintiffs, MICHAEL FALK and MOTION REPOSSESSORS, INC. hereby demand a trial by jury in the above-entitled action.

DATED: March 22, 2017

BERMAN BERMAN BERMAN SCHNEIDER & LOWARY, LLP

By: _____
Stephanie Berman Schneider
Howard Smith
Attorneys for Plaintiffs
MICHAEL FALK and
MOTION REPOSSESSORS, INC.

F:\DATA\6208.07\PLEAD\COMPLAINT.DOC      10
COMPLAINT OF PLAINTIFFS MICHAEL FALK AND MOTION REPOSSESSORS, INC.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Stephanie Berman Schneider, SBN 168519<br>Howard Smith, SBN 166571<br>BERMAN BERMAN BERMAN SCHNEIDER & LOWARY, LLP<br>11900 W. Olympic Blvd., Suite 600<br>Los Angeles, CA 90064<br>TELEPHONE NO: (310) 447-9000   FAX NO.: (310) 447-9011<br>ATTORNEY FOR *(Name)*: Plaintiffs | **FILED**<br>Superior Court Of California<br>County Of Los Angeles<br><br>MAR 23 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Charlie L. Coleman |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

CASE NAME: MICHAEL FALK, et al. v. WELLS FARGO BANK, N.A.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>BC654971<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
|  | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [X] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) |  |
| Non-PI/PD/WD (Other) Tort | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| Employment | [ ] Writ of mandate (02) |  |
| [ ] Wrongful termination (36) | [ ] Other judicial review (39) |  |
| [ ] Other employment (15) |  |  |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [ ] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: FIVE
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: MARCH 22, 2017
Howard Smith
(TYPE OR PRINT NAME)               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10

| SHORT TITLE: MICHAEL FALK, et al. v. WELLS FARGO BANK, N.A. | CASE NUMBER BC654971 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL [ ] HOURS/ [7] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)  
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0  
Page 1 of 4

LA-CV109

| SHORT TITLE: MICHAEL FALK, et al. v. WELLS FARGO BANK, N.A. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☒ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., ②, ⑤<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: MICHAEL FALK, et al. v. WELLS FARGO BANK, N.A. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus<br>☐ A6152 Writ - Mandamus on Limited Court Case Matter<br>☐ A6153 Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment<br>☐ A6160 Abstract of Judgment<br>☐ A6107 Confession of Judgment (non-domestic relations)<br>☐ A6140 Administrative Agency Award (not unpaid taxes)<br>☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112 Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only<br>☐ A6040 Injunctive Relief Only (not domestic/harassment)<br>☐ A6011 Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment<br>☐ A6123 Workplace Harassment<br>☐ A6124 Elder/Dependent Adult Abuse Case<br>☐ A6190 Election Contest<br>☐ A6110 Petition for Change of Name<br>☐ A6170 Petition for Relief from Late Claim Law<br>☐ A6100 Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: MICHAEL FALK, et al. v. WELLS FARGO BANK, N.A. | CASE NUMBER |
|---|---|

**Item III.** *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>[x]1.[x]2.[x]3.☐4.[x]5.☐6.☐7.☐8.☐9.☐10. | ADDRESS: 333 S. Grand Avenue, First Floor |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90071 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: March 22, 2017

(SIGNATURE OF ATTORNEY/FILING PARTY)
Howard Smith

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

54

**FILED**
Superior Court of California
County of Los Angeles
FILE STAMP

MAR 30 2017

Sherri R. Carter, Executive Officer/Clerk
by _____ Deputy
S. Alexander

NOTICE SENT TO:

Berman, Berman Berman, Schneider &Lowar
11900 West Olympic Blvd., 6th Floor
Los Angeles,          CA   90064-1151

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| MICHAEL FALK ET AL | Plaintiff(s), | BC654971 |
| VS. | | |
| WELLS FARGO BANK | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for July 26, 2017 at 9:00 am in Dept. 54 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:** THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: March 30, 2017

_____ Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: March 30, 2017

Sherri R. Carter, Executive Officer/Clerk

by _____ , Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> STEPHANIE BERMAN SCHNEIDER, ESQ. (SBN 168519); HOWARD SMITH, ESQ. (SBN 166571) <br> BERMAN BERMAN BERMAN SCHNEIDER & LOWARY, LLP <br> 11900 W. OLYMPIC BLVD., SUITE 600 <br> LOS ANGELES, CA 90064 <br> TELEPHONE NO: (310) 447-9000   FAX NO. *(Optional)*: (310) 447-9011 <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: PLAINTIFFS | FOR COURT USE ONLY <br><br> **FILED** <br> Superior Court of California <br> County of Los Angeles <br><br> APR 07 2017 <br><br> Sherri R. Carter, Executive Officer/Clerk <br> By_____ Deputy <br> Jenny Chea |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES <br> STREET ADDRESS: 111 N. HILL STREET <br> MAILING ADDRESS: SAME AS ABOVE <br> CITY AND ZIP CODE: LOS ANGELES, CA 90012 <br> BRANCH NAME: CENTRAL DISTRICT | |
| PLAINTIFF/PETITIONER: MICHAEL FALK, AN INDIVIDUAL, et al. <br> DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A. | CASE NUMBER <br> BC654971 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: <br> BERBE-0102007.MM |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] Summons
   b. [✓] Complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet
   e. [ ] Cross-Complaint
   f. [✓] Other *(specify documents)*: CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; STIPULATION - EARLY ORGANIZATIONAL MEETING; STIPULATION - DISCOVERY RESOLUTION; INFORMAL DISCOVERY CONFERENCE; STIPULATION AND ORDER - MOTIONS IN LIMINE
3. a. Party served *(specify name of party as shown on documents served)*: <br> WELLS FARGO BANK, N.A.

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

      CSC LAWYERS, INC., AGENT FOR SERVICE OF PROCESS, BY SERVING BECKY DEGEORGE, PROCESS SPECIALIST
4. Address where the party was served: 2710 GATEWAY OAKS DRIVE, SUITE 150N, SACRAMENTO, CA 95833
5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 03/31/2017   (2) at *(time)*: 10:15 AM
   b. [ ] **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: MICHAEL FALK, AN INDIVIDUAL, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: WELLS FARGO BANK, N.A. | BC654971 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:    (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt)*. (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*: WELLS FARGO BANK, N.A.
    under the following Code of Civil Procedure section:
      ☑ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                            ☐ other:

7. **Person who served papers**
  a. Name: HENRY L. GARCIA
  b. Address: PO Box 861057, Los Angeles, California 90086
  c. Telephone number: (213) 975-9850
  d. **The fee** for service was: $ 117.08
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.:2015-61
      (iii) County: SACRAMENTO

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 4/3/2017

HENRY L. GARCIA                 ▶         /s/
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    (SIGNATURE)