**Squire Patton Boggs (US) LLP**
Daniel H. Wu (SBN 198925)
daniel.wu@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: +1 213 624 2500
Facsimile:  +1 213 623 4581

Attorneys for Defendant
Wells Fargo Bank, N.A.

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL FALK, an individual, and MOTION REPOSSESSORS, INC., | Case No. 2:17-cv-03220-AB (AGRx) |
| Plaintiffs, | ~~PARTIES' JOINT STIPULATION~~ ~~FOR PROTECTIVE ORDER AND~~ **PROTECTIVE ORDER** |
| v. | |
| WELLS FARGO BANK, N.A., and DOES 1-50, inclusive, | |
| Defendants. | |

*NOTE CHANGES MADE BY THE COURT*

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

1.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order ("Order").  For purposes of this Order, "Confidential Information" will mean all information or material that meets each of conditions (a)-(c) below:

(a)    it is produced or disclosed by a producing party to a receiving party (plaintiff or defendant);

- 1 -

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1    (b)  a producing party (plaintiff or defendant) reasonably believes it

2 constitutes or contains that party's trade secrets (as defined in California *Civil Code*

3 § 3426.1), as well as Confidential Information and/or other proprietary information

4 (e.g., information which has not been made public [i.e., proprietary, personal or

5 similar information], the disclosure of which information may have the effect of

6 causing harm to the competitive position of the person, firm partnership,

7 corporation, or to the organization from which the information was obtained); and,

8    (c)  it has been designated as Confidential Information by the

9 producing party (plaintiff or defendant) in compliance with this Order.

10  2.  Confidential documents shall be so designated by stamping or

11 otherwise inscribing copies of the document produced to a party with the legend

12 "Confidential." Stamping or otherwise inscribing the legend "Confidential" on the

13 cover of any multiple document shall designate all pages of the document as

14 confidential, unless otherwise indicated by the producing party.

15  3.  Material designated as Confidential under this Order, the information

16 contained therein, and any summaries, copies, abstracts, or other documents derived

17 in whole or in part from material designated as Confidential shall be held in

18 confidence by each receiving party, will be used by each receiving party for

19 purposes of this case or any related cases between the parties hereto, and not for

20 any business or other purpose unless agreed to in writing by all parties to this action

21 or any related action between the parties hereto or as authorized by further order of

22 the Court, and will not be disclosed to any person who is not a qualified person,

23 except as provided in this Order. All Confidential Information will be handled by

24 the receiving party in accordance with the terms of this Order and maintained by

25 counsel of record or other qualified persons under the control of counsel of record

26 to preclude access by persons who are not qualified persons.

27  4.  Testimony taken at a deposition, ~~conference, hearing or trial~~ may be

28 designated as Confidential by making a statement to that effect on the record at the



- 2 -

*AGR*

1   deposition or other proceeding. Arrangements shall be made with the court reporter

2   taking and transcribing such proceeding to separately bind such portions of the

3   transcript containing information designated as Confidential, and to label such

4   portions appropriately.

5       5.      Confidential Information produced pursuant to this Order may be

6   disclosed or made available only to the Court, to counsel for a party (including the

7   paralegal, clerical, and secretarial staff employed by such counsel), and to the

8   "qualified persons" designated below:

9           (a)     a party, or an officer, director, or employee of a party deemed

10  necessary by counsel to aid in the prosecution, defense, or settlement of this action;

11          (b)     experts provided such expert shall not be an employee or

12  otherwise similarly engaged with a party or a competitor of the producing party or

13  consultants (together with their clerical staff) retained by such counsel to assist in

14  the prosecution, defense, or settlement of this action;

15          (c)     court reporter(s) employed in this action;

16          (d)     a witness at any deposition or other proceeding in this action

*AGR*

17  may be shown Confidential Information of the party with whom the witness is

18  affiliated or Confidential Information on which the witness was copied or was

19  otherwise previously aware; or

20          (e)     any other person as to whom the parties in writing agree.

21      Prior to receiving any Confidential Information, each "qualified person" shall

22  be provided with a copy of this Order and shall execute a non-disclosure agreement

23  in the form of Attachment "A" and a copy of the signed non-disclosure agreement

24  shall be retained in counsels' files.

25      It shall be the responsibility of counsel of record of the non-producing party

26  to:

27          (a)     ensure that each qualified recipient executes a non-disclosure

28  agreement in the form of Attachment "A" whereby such qualified person agrees

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 3 -

1  that he or she has read this protective order, understands it, and agrees to be bound

2  by the terms of this protective order; and,

3      (b)    transmit copies of such non-disclosure agreements to opposing

4  counsel within two business days of execution of said agreements by the qualified

5  person.

6      6.    Depositions shall be taken only in the presence of qualified persons.

7      7.    This Order shall not be construed to prevent any person from making

8  use or disclosing information that:

9      (a)    was lawfully in that person's possession and not under

10  obligation of secrecy with respect to such information, prior to receipt of such

11  information from a producing party;

12      (b)    becomes lawfully known to that person in a manner that does

13  not violate the provisions of this Order; or

14      (c)    was or is hereafter lawfully obtained from a source or other

15  sources other than the producing party or any person under an obligation of secrecy

16  with respect to the producing party.

17      8.    If Confidential Information, including any portion of a deposition

18  transcript designated as Confidential is included in any papers to be filed in Court,

19  such papers shall be labeled "Confidential - Subject to Court Order" and filed/under *with an application to file*

20  seal until further order of this Court. *See Local Rule 79-5.*    *AGR*

21      9.    *INTENTIONALLY OMITTED.* ~~In the event that any Confidential Information is used in any Court~~

22  ~~proceeding in this action, subject to Court approval, it shall not lose its confidential~~

23  ~~status through such use, and the party using such shall take all reasonable steps to~~

24  ~~maintain its confidentiality during such use.~~

25      10.    In the event materials are produced in this action which, in a party's

26  opinion, should have been, but were not, designated as "Confidential", the party

27  producing the materials shall notify counsel for all parties of this designation as

28  soon as practicable. Upon receipt of such notification, all parties shall treat such

- 4 -



SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1  materials as "Confidential" and attempt to recall all materials distributed in any way
2  that would have been inconsistent with the terms of this Order had such documents
3  earlier been designated "Confidential".

4      11.    A party objecting to the designation of the Document as
5  "Confidential" must so notify opposing counsel in writing, setting forth the reasons
6  supporting such objection.  Counsel for the party seeking "Confidential" treatment
7  shall respond in writing within seven (7) days of receipt of such notification by
8  either (i) withdrawing such classification with respect to such "Confidential"
9  document, thing, material, testimony or other information derived therefrom, or
10  (ii) stating that it refuses to do so and the reasons for its refusal.  Upon receipt of a
11  notification of such a refusal, application may be made to the Court for an order
12  removing the classification of the particular "Confidential" document, thing,
13  material, testimony or other information derived therefrom, in question.  Until the
14  issue is finally determined by the Court, the Document shall be treated as
15  "Confidential" as provided in this Order.

16      12.    If a document includes Confidential Information in addition to other
17  information, and the Confidential Information is subsequently redacted by any
18  party, after production of the document by the producing party, the remainder of the
19  document may be treated as if no Confidential Information existed in the document.

20      13.    The parties agree that any inadvertent production of any document
21  protected by any privilege shall not waive that privilege.

22      14.    This Order shall be without prejudice to the right of the parties (i) to
23  bring before the Court ~~at any time~~ the question of whether any particular document
24  or information is confidential or whether its use should be restricted or (ii) to
25  present a motion to the Court for a separate protective order as to any particular
26  document or information, including restrictions differing from those as specified
27  herein.  This Order shall not be deemed to prejudice the parties in any way in any
28  future application for modification of this Order.

*AGR*

- 5 -

010-8593-1518/2/AMERICAS

STIPULATED PROTECTIVE ORDER

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

15.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16.     This Order shall not be construed as a waiver of any party's right to object to the disclosure of documents or information, whether during discovery or at trial, on the grounds that such documents or information are privileged, attorney work product, not relevant to the subject matter of the action, or otherwise beyond the scope of permissible discovery.  The taking of, or failure to take, any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

(a)     is or is not relevant, material, or reasonably calculated to lead to the discovery of admissible evidence, or a privileged communication, or work product of counsel, or otherwise discoverable;

(b)     is or is not confidential or proprietary to any party; and/or

(c)     embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

17.     Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not Confidential, subject to discovery, relevant, or admissible evidence in this litigation.



- 6 -

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1      18.   This Order shall survive the final termination of this action, to the

2  extent that the information contained in Confidential Information is not or does not

3  become known to the public, ~~and the Court shall retain jurisdiction to resolve any~~

**AGR**  4  ~~dispute concerning the use of information disclosed hereunder~~. Upon termination

5  of this case, counsel for the parties shall assemble and return to each other all

6  Confidential Information produced in discovery, including but not limited to

7  documents, material, and deposition transcripts designated as Confidential and all

8  copies of same, but shall certify the destruction of all working copies, abstracts,

9  digests, or other analyses derived in whole or in part from the Confidential

10  Information produced during discovery.

11      19.   Confidential Information will not be copied or otherwise reproduced

12  by a receiving party, except for transmission to qualified persons, without the

13  written permission of the producing party or by further order of the Court.  Nothing

14  in this Order will restrict a qualified person from making working copies, abstracts,

15  digests, and analyses of Confidential Information for use in connection with this

16  action.  All working copies, abstracts, digests, and analyses will be considered

17  Confidential Information under the terms of this Order.

18      20.   The terms of this Order may be invoked by non-parties that are called

19  upon to provide discovery in this case.  The parties to this case may also invoke the

20  terms of this Order on behalf of any non-party called upon to provide discovery in

21  this case.

22      21.   Nothing in this Order will prohibit the transmission or communication

23  of Confidential Information between or among qualified persons:

24          (a)   by hand delivery;

25          (b)   by face-to-face conference;

26          (c)   in sealed envelopes or containers via the mails or an established

27  freight, delivery, or messenger service; or,

28



- 7 -

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

1        (d)     by telephone, telegram, facsimile, electronic mail, or other

2   electronic transmission system if, under the circumstances, there is no reasonable

3   likelihood that the transmission will be intercepted or misused by any person who is

4   not a qualified person.

5        22.    Nothing in this Order will bar or otherwise restrict an attorney from:

6        (a)     rendering advice to his or her client with respect to this action;

7   or,

8        (b)     generally referring to or relying on his or her examination of

9   documents that have been produced under this Order and that contain Confidential

10  Information, provided that in rendering such advice or in otherwise communication

11  with his or her client, the attorney will not disclose the specific content of any

12  document or other material designated "Confidential" produced or the Confidential

13  Information contained in any material produced, if disclosure would not otherwise

14  be permitted under the terms of this Order.

15       23.    This Order is entered without prejudice to the right of any party to

16  apply to the Court ~~at any time~~ to relax or rescind the restrictions of this Order, when

17  convenience or necessity requires.  Nothing contained in the Order shall preclude

18  any party ~~at any time~~ from seeking and obtaining relief from the Court, upon a

19  showing of good cause and pursuant to the Federal Rules of Civil Procedure, an

20  additional protective order granting greater protection than that offered by this

21  protective order with respect to any particular document or information.

22       24.    The party designating material as "Confidential" pursuant to this Order

23  bears the burden of establishing confidentiality.

24       25.    INTENTIONALLY OMITTED  ~~Any papers filed with the Court that reference Confidential~~

25  ~~Information filed under seal shall contain a reference to the portions thereof~~

26  ~~referring to the Confidential Information and such portions may also be designated~~

27  ~~as Confidential.~~

28

AGR

AGR

- 8 -

*used at trial*

AGR

26.     Should this matter proceed to trial, all Confidential Information will be disclosed to the public unless sufficient cause is shown in advance of trial to maintain the confidentiality of the documents and/or information previously produced.

27.     The fact that information designated as Confidential Information under this Order will not be considered to be determinative of what a trier of fact may determine to be confidential or proprietary.  Nothing in this Stipulation and Protective Order shall be used or characterized by any party as an admission of any fact.  Absent a stipulation of all parties, the fact that information has been designated as Confidential Information under this Order will not be admissible during the trial, nor will the jury be advised of this designation.

**IT IS SO STIPULATED.**

Dated: ~~February~~ *March* 9, 2018          SQUIRE PATTON BOGGS (US) LLP

By: _____
     Daniel H. Wu
     Attorneys for Defendant
     Wells Fargo Bank, N.A.

Dated: February 28, 2018          BERMAN BERMAN BERMAN
                                  SCHNEIDER & LOWRY LLP

By: _____
     Howard Smith
     Attorneys for Plaintiffs
     Michael Falk and Motion Repossessors, Inc.

- 9 -

1    **IT IS SO ORDERED.**

2

3    Dated:  March <u>13</u>, 2018

4

5

6                        By: *Alicia G. Rosenberg*

                               Hon. ~~Andre Birotte Jr.~~ ALICIA G. ROSENBERG

7                  Magistrate Judge of the United States District Court,

8                              Central District of California

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

- 10 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

# ATTACHMENT "A"

I, _____, do confirm or verify that I am fully familiar with the terms of the Protective Order entered in *Michael Falk et. al., v. Wells Fargo Bank, N.A.,* Case No.: 2:17-cv-03220-AB (AGRx), United States District Court, Central District of California, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:_____          By:_____

010-8593-1518/2/AMERICAS                    STIPULATED PROTECTIVE ORDER